IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUTHAYNA HAMMAD, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-14-1938 | |
| § | | |
| DYNAMO STADIUM, LLC, *et al.* § | | |
| § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

Plaintiff Buthayna Hammad brings this case alleging various civil rights violations and a Texas state law claim for false imprisonment. Defendants Dynamo Stadium, LLC and Nathan Buchanan have filed a Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim and Brief in Support [Doc. # 16]. Plaintiff has responded [Doc. # 18] and Defendants have replied [Doc. # 19]. The Motion is ripe for decision.

The Court has carefully considered the parties' submissions, all matters of record, and applicable legal authorities, and concludes that the Motion should be **denied**. Defendants have not met their burden under Rule 12(b)(6) for dismissal of any of Plaintiff's claims at this early stage in the proceedings. Federal courts traditionally hold that a motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.

2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plaintiff has sufficiently pleaded each of her claims. The questions raised by the Motion require a fact-intensive analysis and are best decided on an evidentiary record.

The Court also finds that this case is well-suited for an early mediation. The Court **requires** the parties to mediate this case with Gloria Portela at the earliest possible time given counsel's, the parties' and the mediator's schedules.

It is therefore

**ORDERED** that the parties must **MEDIATE** this case with **Gloria Portela as soon as possible**. As part of Ms. Portela's commitment to *pro bono* and to assisting the Court and parties, she has agreed to charge a reduced fee of $500 per

party per day (with Defendants deemed to be "one party" for this specific purpose, at this time). All parties that have been served and have appeared in this case must attend the mediation in person. Ms. Portela may be contacted as follows: *gportela@seyfarth.com* or 713-225-2341. The provisions of this District's Local Rule 16.4 apply. It is further

**ORDERED** that the initial pretrial conference originally set for December 16, 2014, is **RESET** for **Thursday, December 11, 2014**, at **2:00 p.m.**

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim and Brief in Support [Doc. # 16] is **DENIED**.

SIGNED at Houston, Texas, this **5th** day of **December, 2014**.

Nancy F. Atlas
United States District Judge